# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLFO GONZALEZ, <br><br> Plaintiff, <br> vs. <br> JEFF MILLER <br><br> Defendant. | CASE NO. 14cv2656-WQH-KSC <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the Motion to Proceed in Forma Pauperis ("Motion to Proceed IFP") filed by Defendant Jeff Miller. (ECF No. 2).

On September 14, 2014, Plaintiff initiated this action by filing a Complaint in the San Diego County Superior Court, case number 37-2014-00032404-CL-UD-CTL. (ECF No. 1-2). The Complaint alleges one cause of action for unlawful detainer. *See* ECF No. 1-2). On November 7, 2014, Defendant, proceeding pro se, removed the case to this Court pursuant to 28 U.S.C. sections 1331 and 1441 (ECF No. 1) and filed the Motion to Proceed IFP (ECF No. 2). The Notice of Removal asserts that "[t]his action is removable to the instant Court because it originally could have been filed in this [C]ourt pursuant to 28 U.S.C. 1441(a)/and or (b). The Complaint presents federal questions." (ECF No. 1 at 2). Defendant asserts that "the Complaint for Unlawful Detainer was filed by the [P]laintiff for non-payment of rent. However, Defendant with held [sic] rent due to [P]laintiff discriminating against [D]efendant by violating Fair

Housing Act and U.S.C. 3604(f)(3)(A). (ECF No. 1 at 2-3).

## I.  Motion to Proceed IFP

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee of $400.00. *See* 28 U.S.C. § 1914(a); S.D. Cal. Civ. L.R. 4.5. An action may proceed despite a party's failure to pay only if the party is granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). "To proceed in forma pauperis is a privilege not a right." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).

In his affidavit, Defendant states that he is self-employed and his take-home pay is $700.00, but did not indicate the pay period. (ECF No. 2 at 2). Defendant states that he does any savings, IRA, money market, CD's, or checking account. *Id*. Defendant states that he owns a 2011 Jeep Patriot. *Id*. Defendant states that the automobile is financed and he owes $12,000.00 on the automobile. Defendant states that he does not receive income from any other source. *Id*. 2-3. Defendant does not indicate whether he has any dependents or any other assets or items of value. *Id*. at 3.

The Court has reviewed the affidavit and finds that it is sufficient to show that Defendant is unable to pay the fees or post securities required to maintain this action. The Court grants the Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

## II.  Initial Screening of Complaint

A complaint filed by any person proceeding in forma pauperis pursuant to 28 U.S.C. § 1915(a) is also subject to mandatory review and sua sponte dismissal to the extent it "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc). Additionally, "if the court determines at anytime that it lack subject matter jurisdiction, the court must dismiss the action." Fed R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has been

long held that a judge can dismiss sua sponte for lack of jurisdiction."); *Compass Bank v. Goble*, 2012 WL 3229155 (S.D. Cal. Aug. 3, 2012) (sua sponte remanding action for lack of subject matter jurisdiction after granting motion for leave to proceed IFP).

An action is removable to federal court only if it might have been brought there originally. See 28 U.S.C. § 1441(a). Federal courts are courts of limited jurisdiction and as such "possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). The court must presume that a case lies outside of its limited jurisdiction, and the burden of establishing jurisdiction is on the party asserting it. *Id*. The removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*.

"[D]istrict courts ... have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "federal question" must be disclosed on the face of the complaint. *Sparta Surgical Corp. v. Nat'l Ass'n of Securities Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir.1998). "Under the longstanding well-pleaded complaint rule, this means that jurisdiction is proper 'only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].'" *Red Bluff Funding, LLC v. Gil*, 2013 WL 1729662, at *2 (S.D. Cal. Apr. 22, 2013) (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (internal quotation omitted). "It does not suffice to show that a federal question lurks somewhere inside the parties' controversy, or that a defense or counterclaim would arise under federal law." *Vaden*, 556 U.S. 49 at 70.

Defendant's Notice of Removal asserts federal question jurisdiction as the basis for the Court's subject matter jurisdiction. (ECF No. 1 at 2). Defendant asserts that "the Complaint for Unlawful Detainer was filed by the [P]laintiff for non-payment of rent. However, Defendant with held [sic] rent due to [P]laintiff discriminating against

1 [D]efendant by violating Fair Housing Act and U.S.C. 3604(f)(3)(A)." (ECF No. 1 at
2 2-3). Plaintiff's complaint asserts only one cause of action for unlawful detainer, which
3 is a state law claim. (ECF No. 1-2). The Court finds that the Notice of Removal does
4 not adequately state a basis for federal subject matter jurisdiction because Defendant did
5 not show that Plaintiff's Complaint is based on federal law. *See Vaden*, 556 U.S. 49 at
6 60 ("It does not suffice to show that a federal question lurks somewhere inside the
7 parties' controversy, or that a defense or counterclaim would arise under federal law.").

## III.  Conclusion

IT IS HEREBY ORDERED that the Motion to Proceed IFP (ECF No. 2) is GRANTED and the action is REMANDED to the San Diego County Superior Court.

DATED: November 17, 2014

**WILLIAM Q. HAYES**
United States District Judge